## A. G. SNYDER v. THE CITY OF NORTH LAWRENCE.

1. CRIMINAL LAW—*Description of property.* In a proceeding of a criminal nature a vehicle described as a "certain wagon drawn by four horses, and used in the transportation of property and for transferring goods of grocers and merchants," cannot be considered as a "hackney coach, carriage, omnibus or dray."

2. CITY ORDINANCE—*License Tax.* Where one section of an ordinance provides what kinds of vehicles shall be licensed, and the next what amounts shall be paid for such licenses, the use of a general term of description in the latter does not enlarge the scope of the former section, but on the contrary the general words in the latter are limited by the particular words in the former.

### *Error from Douglas District Court.*

SNYDER was prosecuted before the police judge of the city of North Lawrence for an alleged violation of an ordinance of said city in keeping and using in said city "a wagon drawn by more than two horses" without paying the license tax required therefor. He was convicted, and fined twenty dollars and costs. He removed the case to the district court by petition in error, and said district court, at the September Term, 1868, affirmed the judgment of the police judge. The case was tried in the police court upon an agreed statement of facts, which, together with the ordinance alleged to be violated, are sufficiently stated in the opinion of the court. *Snyder* excepted to the decision of the district court, and brings the case here on error.

*Thacher & Banks,* for plaintiff in error.

*N. Hoysradt,* city attorney, for the city.

The opinion of the court was delivered by

BREWER, J.: The action below was a criminal prosecution before the police judge of the city of North Lawrence for a violation of one of its ordinances. Upon an agreed statement

of facts the police judge found the defendant (plaintiff in error) guilty, and sentenced him to pay a fine of twenty dollars. The district court of Douglas county affirmed the judgment, and now the record is here for reëxamination. Many points are made in the briefs of counsel, and a grave constitutional question argued as to the power of cities in the matter of licenses. But as the case must be reversed upon a single point which we think fatal to the whole proceedings, we forbear any discussion of the constitutional question.

The material facts are these: Plaintiff in error was the owner of and kept and used for hire a wagon drawn by four horses in transporting goods from the depot in North Lawrence over its public streets to merchants in Lawrence. He had no license from the city of North Lawrence. There was in force at the time an ordinance of the latter city in relation to licensing vehicles. Section one of that ordinance provides that no one should without license keep, hire out, or cause to be run, "any hackney coach, carriage, omnibus, or dray." Section two reads as follows: "Before any person, company, or corporation shall keep, use, or run for hire *any of the aforesaid vehicles*, he or they shall pay the said city for every hackney carriage the sum of five dollars; for every omnibus, the sum of ten dollars; for every dray or wagon drawn by one horse, the sum of three dollars; for every dray or wagon drawn by two horses, the sum of five dollars; and for every dray or wagon drawn by more than two horses, the sum of seven dollars." Section six provided a penalty of not less than five nor more than twenty dollars for non-compliance.

This ordinance is penal in its nature, and must be strictly construed. Before an inquiry would be proper as to what powers the city has under its charter, we should determine what it has assumed to exercise. Before considering whether it has power to require a license of plaintiff in error, we must see whether it has assumed to demand it. Before deciding the constitutionality of an ordinance which a party is charged to have violated, we must ascertain whether he has in fact violated it. The only vehicles named in the first section are these:

"hackney coach, carriage, omnibus, and dray." This is the section which provides for the license. Section two only fixes the amount. More than that, its application is by its own terms limited to the vehicles named in the first section. "Any of the aforesaid vehicles," unmistakably refers to those just named, and those only. Unless the vehicle of plaintiff in error is one of the kind named in the first section he is not required to take out a license for it; he is not bound to pay any thing before he uses it; and using it without a license, and without paying any money, he has not violated the provisions of this ordinance. As this case was tried upon an agreed statement of facts the question comes before us as it did before the magistrate who tried it. We must apply the law to the facts as he did. It is as though these facts were his findings from the testimony, and the case presented here upon the findings and judgment without any of the testimony.

Is the vehicle as described in the agreed statement one of those named in the first section? It is described as "a certain wagon, drawn by four horses, and used in the transportation of property," and "used for transferring goods of grocers and merchants." Now this description will not apply to either of the four kinds of vehicles named. No one would consider that as defining either a "hackney coach," a "carriage," an "omnibus," or a "dray." Yet these are the only vehicles named. These terms each refer to some particular specific kind of vehicle, and none of them like the one described. The most general term of the four is "carriage;" and yet this is understood to refer to vehicles for the conveyance of persons rather than for the transportation of property. The term "wagon" is itself far more of a generic term than either of these four. It might indeed without any great impropriety be held to include them all. But it also includes many other kinds of vehicles. A simpler statement that the vehicle of plaintiff in error was a "wagon," would not show that it was one of the four kinds named; and the further description shows plainly that it was not. There is at any rate nothing which describes either of the four vehicles with sufficient

certainty to sustain a proceeding in the nature of a criminal prosecution.

But the term "wagon" is used in the second section—"For every dray or wagon drawn by more than two horses," seven dollars must be paid. This term embraces the vehicle as described. The seven dollars was not paid, and it is claimed therefore that the ordinance was violated. But as we have seen, section two simply fixes the amount to be paid for the license of the vehicles which by the first section are required to be licensed. Generic words in the second do not enlarge the scope of the first section. On the contrary they are limited by it. Finding the term wagon in the second section does not authorize the courts to supply it in the first, nor to infer that the city meant to require a license for them. Only those wagons are required to pay which are required to be licensed.

The plaintiff in error having then no vehicle for which by this ordinance a license was demanded has not violated the ordinance by a failure to pay money into the treasury of the city; and the judgment against him must be reversed with costs.

KINGMAN, C. J., concurring.

VALENTINE, J., not sitting, having tried the case below.